UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL DERENAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CV-0344-CVE-TLW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, FEDERAL BUREAU OF ) | |
| INVESTIGATION, STATE OF ) | |
| OKLAHOMA DEPARTMENT OF PUBLIC ) | |
| SAFETY, OKLAHOMA HIGHWAY ) | |
| PATROL, and THOMAS W. WARSHAW, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court are Defendant United States of America's Motion to Dismiss (Dkt. # 14) and Defendant Oklahoma Department of Public Safety's and Oklahoma Highway Patrol's Motion to Dismiss and Brief in Support (Dkt. # 16). The United States, on behalf of defendants United States of America; United States Department of Justice; and the Federal Bureau of Investigation (federal defendants), asks the Court to dismiss the suit against them, arguing that sovereign immunity bars plaintiff's claims, that the statute of limitations bars plaintiff's claims, that plaintiff waived all claims against the federal defendants in a stipulation of forfeiture, and that plaintiff's claims do not establish a violation of his constitutional rights. Dkt. # 14. Oklahoma Department of Public Safety and Oklahoma Highway Patrol (state defendants) ask the Court to dismiss the suit against them, arguing that the Eleventh Amendment bars plaintiff's claims, and that plaintiff has failed to state a claim against the state defendants. Dkt. # 16. Plaintiff responds that the

federal defendants and the state defendants are liable under 42 U.S.C. § 1983, that plaintiff's complaint establishes that his constitutional rights were violated, that the statute of limitations does not bar his claims, and that plaintiff never signed nor had knowledge of a stipulation of forfeiture. Dkt. # 30.

**I.**

This case arises from the civil forfeiture of $433,640. Dkt. # 1, at 1. On or about January 11, 2011, Oklahoma Highway Patrol troopers[1] stopped a car in which plaintiff was riding as a passenger. Id. The troopers seized $433,640 from the car and arrested plaintiff.[2] Id. By April 2011, plaintiff had retained Thomas W. Warshaw as counsel to negotiate the return of the money seized. Id. On April 19, 2011, plaintiff signed a notarized statement claiming the $433,640. Id. On July 29, 2011, the United States brought an in rem civil forfeiture suit for the $433,640 in the Northern District of Oklahoma. Complaint at 1, United States v. $433,640 in United States Currency, No. 11-cv-471-JHP-TLW (N.D. Okla. July 29, 2011), Dkt. # 2. In October 2011, Warshaw, on behalf of plaintiff, and the United States signed a stipulation for forfeiture in which the United States agreed to release and return $10,000 of the $433,640, and plaintiff agreed:

> to release and forever discharge any and all claims and demands which he may have against the United States, including, but not limited to, the United States Department of Justice, and the Federal Bureau of Investigation, a Justice Department agency, and the State of Oklahoma, including the Department of Public Safety and the Oklahoma Highway Patrol, their agents and employees, on account of the seizure of the $433,640."

---

[1] In his complaint, plaintiff identifies the troopers as "Oklahoma State Troopers." Dkt. # 1, at 1.

[2] Although plaintiff's complaint does not state the reason he was arrested, the state defendants explain that plaintiff was a fugitive who had escaped federal prison. See Dkt. 16, at 1.

2

Dkt. # 14-1, at 1-2.[3] The stipulation stated that plaintiff also agreed "to a dismissal and abandonment of any claims he may have to the $423,640 with prejudice." Id. at 2. In October 2011, Warshaw sent plaintiff a letter, informing him that he was able to get only $10,000 of the seized money returned to plaintiff.[4] Id. On May 11, 2016, plaintiff filed this pro se suit in the United States District Court for the Eastern District of Michigan against the federal defendants, the state defendants, and Warshaw for violating his Fifth, Sixth, and Eighth Amendment rights, and for discrimination pursuant to 42 U.S.C. § 1983. Id. at 2-4. On June 10, 2016, plaintiff's suit was transferred to this Court. Dkt. # 7.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must

---

[3]     Plaintiff attached the stipulation of forfeiture as Exhibit C to his complaint, but did not include all pages of the agreement. See Dkt. # 1, at 10-11.

[4]     Plaintiff asserts that Warshaw sent the letter to him a few days after Warshaw signed the stipulation of forfeiture on plaintiff's behalf. Dkt. # 1, at 2.

accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Plaintiff's complaint must be considered in light of the fact that he is proceeding pro se. Pro se pleadings are construed liberally. Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). "[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Gee v. Pacheco, 627 F.3d 1178, 1195 (10th Cir. 2010). When determining whether to dismiss a pro se complaint, the Court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002); see also Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991) ("We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."). However, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Smith v. United States, 561

F.3d 1090, 1096 (10th Cir. 2009) (quoting Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).

### III.

The Court first considers the United States's motion to dismiss on behalf of the federal defendants (Dkt. # 14). The United States asks the Court to dismiss the suit against the federal defendants, arguing that sovereign immunity bars plaintiff's claims, that the statute of limitations bars plaintiff's claims, that plaintiff waived all claims against the federal defendants in a stipulation of forfeiture, and that plaintiff's claims do not establish a violation of his constitutional rights. Dkt. # 14. Plaintiff responds that the federal defendants are liable under 42 U.S.C. § 1983, that the statute of limitations does not bar his claims, that plaintiff never signed nor had knowledge of a stipulation of forfeiture, and that plaintiff's complaint establishes his constitutional rights were violated. Dkt. # 30. The Court finds that the federal defendants are protected from plaintiff's claims by sovereign immunity.[5]

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be "'unequivocally expressed' by Congress." United States v. Murdock Mach. & Eng'g Co. of Utah, 81 F.3d 922, 930 (10th Cir. 1996) (quoting United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 660 (1947)). Plaintiff asserts that he can bring this suit against the federal defendants under § 1983. Dkt. # 30, at 1-2. However, § 1983 provides a vehicle for suits against persons acting under color of state law. 42 U.S.C. § 1983; see also Dry v. United States, 235 F.3d 1249, 1255-56 (10th

---

[5] Accordingly, the Court need not address the merits of the United States's other arguments for dismissal.

Cir. 2000) ("[T]he plaintiffs' reliance on the Fourteenth Amendment and on § 1983 is misplaced. Both provisions are applicable only to actions by state and local entities, not by the federal government."). Because § 1983 does not apply to the federal government, it certainly does not waive the federal defendants' sovereign immunity. Despite the liberal construction of pro se pleadings, see Hall, 935 F.3d at 1110, the Court cannot read plaintiff's complaint as stating a claim against the federal defendants. Even if plaintiff's claims against the federal defendants are considered as claims under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), they would fail because "Bivens claims cannot be asserted directly against either the United States or . . . federal agencies." Smith, 561 F.3d at 1093. Therefore, plaintiff's claims against the federal defendants should be dismissed.

### IV.

The Court next considers the state defendants' motion to dismiss (Dkt. # 16). The state defendants ask the Court to dismiss the suit against them, arguing that the Eleventh Amendment bars plaintiff's claims, and that plaintiff has failed to state a claim against the state defendants. Dkt. # 16. Plaintiff responds that the state defendants are liable under 42 U.S.C. § 1983, and that plaintiff's complaint states a valid claim against the state defendants. Dkt. # 30. The Court finds that the state defendants are protected from plaintiff's claims by the Eleventh Amendment.[6]

The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const.

---

[6] Accordingly, the Court need not address the merits of the state defendants' other arguments for dismissal.

amend. XI. "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985). The Eleventh Amendment's protections extend to state agencies if they are "arms of the state." Ambus v. Granite Bd. of Educ., 995 F.2d 992, 994 (10th Cir. 1993). The Oklahoma Department of Public Safety is an arm of the State of Oklahoma. Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety, 722 F.3d 1209, 1212 (10th Cir. 2013). The Oklahoma Highway Patrol is a division of the Oklahoma Department of Public Safety, and is therefore also an arm of the state. See Allen v. Yates, No. CIV-08-215-FHS, 2009 WL 811515, at *2 (E.D. Okla. Mar. 24, 2009). Thus, the state defendants are entitled to the protections of the Eleventh Amendment, and to bring suit against them plaintiff must show that either Oklahoma consented to suit in federal court or Oklahoma's Eleventh Amendment immunity has been abrogated by a valid exercise of Congress's power. See Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1195 (10th Cir. 1998). Plaintiff asserts that he can bring this suit against the state defendants under § 1983. Dkt. # 30, at 1-2. However, Congress did not abrogate states' Eleventh Amendment immunity in enacting § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979). The Court cannot construe plaintiff's claims against the state defendants in a manner that would state a valid claim. Thus, plaintiff's claims against the state defendants should be dismissed.

V.

Plaintiff's only remaining claims are against Warshaw. Pursuant to 28 U.S.C. § 1367(a), a federal court may exercise supplemental jurisdiction over claims related to the claims over which it has original jurisdiction. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); see also Gaston

v. Ploeger, 297 F. App'x 738, 746 (10th Cir. 2008) (stating that § 1367(c)(3) expressly permits a district court to decline to exercise supplemental jurisdiction over remaining state law claims after granting summary judgment in favor of defendant on federal law claims). The decision to exercise supplemental jurisdiction is discretionary, but courts should consider "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction." Anglemeyer v. Hamilton Cnty. Hosp., 58 F.3d 533, 541 (10th Cir. 1995) (quoting Thatcher Enters. v. Cache Cnty. Corp., 902 F.2d 1472, 1478 (10th Cir. 1990)).

It is unclear what claims plaintiff is asserting against Warshaw. Plaintiff's complaint lists four counts: (1) violation of the Fifth Amendment, (2) denial of assistance of counsel, (3) violation of the Eighth Amendment, and (4) violation of 42 U.S.C. § 1983. Dkt. # 1, at 2-3. Plaintiff does not identify which defendants he alleges violated which counts. See id. Nonetheless, plaintiff cannot bring any of the claims listed against an individual not acting under color of state law, and although plaintiff asserts that he "has no way of knowing that Warshaw and Depew did not collude to choose to only return $10,000" to him, Dkt. # 30, at 2, plaintiff has not pled facts to support an allegation that Warshaw was acting under color of state law. However, a liberal reading of plaintiff's complaint suggests he may be asserting state law claims against Warshaw. See id. at 3 ("Attorney Warshaw's negligence directly led to the government's forfeiture of Plaintiff's monies."). Whatever other claims plaintiff may have against Warshaw, the Court can find no remaining federal claims, and there is no evidence of diversity jurisdiction.[7] Thus, no claims remain over which this Court has original jurisdiction, and the Court finds that the extent of the pretrial proceedings does not outweigh the

---

[7]   It appears that plaintiff and Warshaw are both domiciled in Michigan. See Dkt. # 1, at 1 (listing plaintiff's address as in Belleville, Michigan); Dkt. # 14-1, at 3 (listing Warshaw's address as in Farmington Hills, Michigan).

interests that would be served by having a state court resolve any remaining state law claims plaintiff might have.

**IT IS THEREFORE ORDERED** that Defendant United States of America's Motion to Dismiss (Dkt. # 14) is **granted**.

**IT IS FURTHER ORDERED** that Defendant Oklahoma Department of Public Safety's and Oklahoma Highway Patrol's Motion to Dismiss and Brief in Support (Dkt. # 16) is **granted**.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction of any state law claims plaintiff may have against defendant Thomas W. Warshaw.

**DATED** this 14th day of October, 2016.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE